# MARK L. CORTEGIANO

ATTORNEY AT LAW
65-12 69th Place
Middle Village, NY 11379

Telephone: (718) 894-9500        Facsimile: (718) 326-3781

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/9/07
```

July 31, 2007



**Via Fax (212) 805-7948**
Hon. Richard J. Holwell
US District Court, Southern District of NY
500 Pearl Street
New York, NY 10007

**Re: <u>Armstrong Interactive, Inc. v. Jan Heffernan *et al.* (07 CV 3871)</u>**

Dear Judge Holwell:

    I am writing pursuant to Your Honor's rule 3(A) concerning motions and pre-motion conferences. Pursuant to your rules, this letter is to arrange for a pre-motion conference for a motion to dismiss under Rule 12B of the Federal Rules of Civil Procedure by defendants Jennifer Heffernan (misnamed in the complaint as "Jan Heffernan") and Christo Tsiaras (improperly identified in the complaint as Christo Tsarias) (Ms. Heffernan and Mr. Tsiaras are hereinafter referred to as "Defendants")[1]. Defendants intend to move to dismiss this case for lack of personal jurisdiction, insufficient service of process, improper venue and failure to join a necessary party. In addition, the defendants also intend to move to dismiss the case against them individually as they are not proper parties to the action.

    Plaintiff's dispute in this case relates to a Massachusetts corporation, H.T.K. Pictures Inc. d/b/a Dream Alley Pictures (hereinafter "DAP"). Jennifer Heffernan is the CEO of DAP, and at all relevant times, she acted in her corporate capacity. Christo Tsiaras is an officer of DAP and has always acted in his corporate capacity with regard to plaintiff. The only proper defendant in this case is the corporate entity, H.T.K. Pictures, Inc., but that entity has not been named as a defendant. The defendants' motion will seek to have the complaint dismissed against them individually because there is no individual obligation by any of them with regard to plaintiff.

    Defendants also seek to have the Complaint dismissed due to lack of personal jurisdiction. The proper defendant, DAP, is a Massachusetts corporation that does not satisfy the minimum

---

[1] The other named defendant, Glenn Kessner, is no longer affiliated with DAP, was not involved in any of the matters at issue in this case, and none of the defendants is authorized to accept service on Mr. Kessner's behalf. I do not represent Mr. Kessner.

contacts requirements for a Federal Court in New York to obtain jurisdiction over it. None of the transactions, meetings or other interactions between DAP and plaintiff took place in New York, defendant does not maintain offices, bank accounts, employees or agents in New York and does not advertise or solicit business in New York. Similarly, the individual defendants (improperly parties to this action) do not satisfy the jurisdictional requirements to be subject to personal jurisdiction in New York, as they both live and work in Massachusetts.

Defendants also seek to dismiss the Complaint for improper service of process. The Complaint only was served upon an intern working for a company in the same building as DAP. At no time was that intern authorized to accept service on behalf of DAP or any of the individual defendants. In the event the matter is not dismissed for lack of personal jurisdiction, the Defendants alternatively seek to transfer the matter to the United States District Court in Massachusetts in Boston. The vast majority of parties and witnesses are located in Massachusetts and litigating the case there would be appropriate and less burdensome to parties and witnesses.

It is my understanding that prior to my involvement in this matter, a request for additional time to respond to the complaint without consenting to jurisdiction was made by Defendants but denied.

In reviewing the case docket, it appears that a scheduling conference is set for September 14, 2007. Request is hereby made that a pre-motion conference be scheduled for that day and a scheduling order for Defendants' motion to dismiss also be discussed at that conference. My schedule is such that I will be away in the last week of August and am scheduled to begin a trial in Supreme Court, Kings County on Wednesday, September 5th. I anticipate that that trial will take three to four days.

Thank you.

*Defendants' proposed motion shall be discussed at the 9/14 pre-trial conference.*

Respectfully,

Mark L. Corteggiano (mlc 7792)

SO ORDERED.

[signature]
USDJ
8/8/07

MLC:ldl

cc: Jose Martinez, Jr., Esq. (fax & mail)
    Harvey Kesner, Esq. (fax & mail)

SO ORDERED:
Date: _____  _____
                       Richard J. Holwell, U.S.D.J.